JAMES H. WALLACE *et al.* Appellees, *vs.* THE MODERN WOODMEN OF AMERICA *et al.* Appellants.

*Opinion filed April 22, 1915—Rehearing denied June 17, 1915.*

APPEALS AND ERRORS—*power of the Supreme Court to dismiss action when dismissing appeal.* If, pending appeal to the Supreme Court from a judgment of the Appellate Court affirming a decree enjoining the enforcement of a by-law of a benefit society, it is shown that the by-law has been repealed and that the time for taking a referendum vote to restore the by-law has passed, the Supreme Court may, on dismissing the appeal, dismiss the action.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

TRUMAN PLANTZ, GEORGE W. MILLER, NELSON C. PRATT, CHARLES J. SCOFIELD, SIDNEY S. BREESE, and NORTHCOTT & ORR, for appellants.

E. S. SMITH, for appellees.

Per CURIAM : The Modern Woodmen of America is a fraternal insurance company incorporated under the laws of Illinois. Its supreme legislative body is the head camp, composed of the officers of the society and of delegates elected by State camps. In 1911 the head camp met at Buffalo, New York, and adjourned to meet in Chicago in January, 1912. At the adjourned meeting in Chicago the

society adopted a by-law (section 37) which greatly increased the rates of assessments of members and required the payment of one assessment each month. The new by-law was to go into effect January 1, 1913. The bill in this case was filed by appellees, on behalf of themselves and all others similarly situated who might wish to join therein, to enjoin the society and its officers from enforcing the by-law, (section 37,) on the ground, among others, that the by-law changed the plan of the society, and that the rates fixed were unnecessary, oppressive and unreasonable, and if enforced would destroy the contract rights of complainants and other members of the society. This was denied by the answer. A hearing was had in the circuit court of Sangamon county and a decree entered finding the by-law increasing the rates was unnecessary and unreasonable and an unreasonable burden upon the members and was null and void. Defendants prosecuted an appeal to the Appellate Court for the Third District. The cause was submitted to and taken under advisement by the Appellate Court May 6, 1913, and a judgment was entered by that court July 2, 1914, affirming the decree of the circuit court. The Appellate Court granted a certificate of importance and an appeal to this court.

The head camp of the Modern Woodmen of America met in regular session at Toledo, Ohio, June 16, 1914, and continued in session to June 20, 1914, when it adjourned. It will be observed that meeting was held after the case had been submitted to the Appellate Court and a short time before the judgment of that court was entered. A motion was made by appellees to dismiss the appeal, for the reason that the by-law, (section 37,) to enjoin the enforcement of which the bill was filed, had been repealed by the supreme law-making power of the society at the meeting of the head camp in 1914 and a by-law adopted re-enacting the rates as they were in the by-law repealed in 1912, which are the rates contended for by appellees. The motion to

dismiss the appeal was resisted on the ground that by an amendment in 1912 to the Fraternal Insurance act of 1893 it was provided that the laws fixing, making, changing or raising the schedule of rates adopted by the supreme governing body subsequent to January 1, 1912, of a beneficiary society having a membership of 75,000 or more, might be repealed in the following manner: Upon a petition of local or subordinate bodies representing ten per cent of the membership of the society, within eight months of the adoption of the by-law, or by act of the board of directors or other managing body of the society, the question of the repeal of the by-law shall be submitted to a vote of the members of the society, and if a majority of all the members of the society vote for the repeal of the by-law it shall be considered as repealed and of no effect. The amendment further provided that the manner and time of submitting such proposition to a vote should be determined by the managing body of the society, subject to the approval and direction of a board consisting of the Insurance Superintendent, Superintendent of Public Instruction and the State Treasurer of the State of Illinois. It was insisted in opposition to the motion to dismiss, that the eight months allowed for the calling of an election to submit the question of the repeal of the by-law to a vote of the members of the society had not elapsed since the adoption by the head camp of the law repealing section 37 and restoring the former rates, and it could not then be known whether an election might be called to vote on the repeal of the by-law adopted in June, 1914, repealing section 37. It was claimed that if such an election should be held and the vote should be for the repeal of the 1914 by-law then section 37 would be in force, and by the dismissal of the appeal, in that event, the judgment of the Appellate Court would be final and appellants would be denied the right to be heard in this court. In reply it was shown by appellees that in the fall of 1912 preparations were being made to submit the question of

the repeal of section 37 to a vote, and while the Insurance Superintendent, Superintendent of Public Instruction and State Treasurer had the matter under consideration, a bill was filed in the superior court of Cook county by one Jones against the Modern Woodmen of America and its officers, setting up that preparations were being made to hold an election, and alleging that the act of 1912 amending section 10 of the Fraternal Insurance act of 1893 was unconstitutional and void, and prayed that it be so declared and the holding of the proposed election be enjoined. The Modern Woodmen of America entered its appearance to that suit by its general attorney, who, it is said in the affidavit of one of the appellees filed in support of the motion to dismiss the appeal, confessed the act was unconstitutional and expressed the opinion that the injunction should be granted. A temporary injunction was granted in accordance with the prayer of the bill and defendants were enjoined from submitting the by-law (section 37) to a vote until the further order of the court, and that injunction is still in full force and effect.

The time having expired for submitting to a vote of the members of the order the question of the repeal of the by-law repealing section 37 and re-enacting the by-law as it existed prior to 1912, and it having been shown to the court, upon a renewal of the motion to dismiss, that no vote has been taken or ordered upon that question, the subject matter of the litigation no longer exists.

The appeal will be dismissed, the order of dismissal to carry with it the dismissal of the action, leaving without adjudication the questions raised in and determined by the trial court.                                   *Appeal dismissed.*